# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH LOWE, | :: | CIVIL ACTION NO. |
| Plaintiff, | :: | 1:08-CV-3817-RWS |
| | :: | |
| v. | :: | |
| | :: | |
| UNNAMED, | :: | PRISONER COMPLAINT |
| Defendant. | :: | |

## **ORDER**

Plaintiff, Kenneth Lowe, an inmate at the Chatham County Jail in Savannah, Georgia, has filed this *pro se* action, seeking release on bail. Plaintiff states that he has been incarcerated for five months on a shoplifting charge and has been denied bail on several occasions due to his risk of re-offending. (Compl. at 4.)

To obtain release from his detention, a state pretrial detainee must pursue a 28 U.S.C. § 2241 habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). The proper respondent for such an action is the person having custody over the detainee. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. §§ 2242 and 2243); Walther v. Bauknecht, 155 Fed. Appx.

463, 464 (11th Cir. 2005) (unpublished opinion) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973), for proposition that "proper party respondent to a § 2241 habeas corpus petition is the custodian of the prisoner"). Here, the proper respondent is the custodian of the Chatham County Jail, who is located within the jurisdiction of the United States District Court for the Southern District of Georgia. Therefore, venue does not lie in this Court.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, the Clerk of Court is **DIRECTED** to adjust the style of this case to reflect that it is a 28 U.S.C. § 2241 habeas corpus action and to **TRANSFER** it to the United States District Court for the Southern District of Georgia, Savannah Division, for further proceedings.

**IT IS SO ORDERED** this   15th   day of January, 2009.

_____
**RICHARD W. STORY**
United States District Judge

2